UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DARNELL RUSH,

                          Petitioner,                          Case No. 15-12921

v.                                                             HON. AVERN COHN

THOMAS WINN,

                          Respondent.
_____/


**MEMORANDUM AND ORDER**
**DENYING PETITION FOR WRIT OF HABEAS CORPUS**
**AND**
**DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

I. Introduction

This is a habeas case under 28 U.S.C. § 2254.  Darnell Rush, ("Petitioner"), was convicted in state court after a jury trial of armed robbery, M.C.L. § 750.529; carjacking, M.C.L. § 750.529a; first-degree home invasion, M.C.L. § 750.110a(2); conspiracy to commit first-degree home invasion, M.C.L. § 750.110a(2); and receiving and concealing stolen property less than $200.  M.C.L. § 750.535(5).  He was sentenced as a fourth-time habitual felony offender to concurrent terms of 30 to 60 years' imprisonment for the armed robbery and carjacking convictions, 99 months to 20 years' imprisonment for the conspiracy conviction, and time served for the receiving and concealing stolen property conviction. Petitioner was also sentenced to a consecutive term of 30 to 60 years' imprisonment for the first-degree home invasion conviction.

The petition raises two claims: 1) the trial court erred in failing to suppress Petitioner's confession to police, and 2) insufficient evidence was presented at trial to

sustain Petitioner's conviction for first-degree home invasion.  For the reasons that follow, the petition will be denied for lack of merit.

## II.  Background

Petitioner's convictions stem from the January 9, 2012, robbery of 80-year-old Floyd Fulgian at his Detroit home.  The following evidence is gleaned from the trial record:

Fulgian testified that on the date in question he answered a knock on the door but kept the security gate closed.  Fulgian saw Desmond Robinson standing on his porch.  Robinson asked about buying one of Fulgian's cars; Fulgian stated he was not interested.  Petitioner then walked onto the porch and said that he would pay Fulgian $3,000 for the car.  This prompted Fulgian to open the security gate to ask the men for their contact information.

Petitioner then pushed Fulgian through the door and inside the house.  Petitioner pinned Fulgian down on a couch and placed a sharp piece of metal against his neck. Petitioner told the victim not to move or else he would kill him.

Three other men then entered the house.  Petitioner told the other men to get what they wanted.  Robinson went through Fulgian's pockets and took his wallet and car keys.  Robinson gave the keys to one of the other men, Deandre Cannady, who drove away in Fulgian's Chevy Impala.  Meanwhile, another man, Darius Rush, went to another room and took a computer and jewelry.

Evidence presented at trial indicated that Petitioner and Darius Rush later went to a pawn shop and sold the jewelry stolen from Fulgian.

On January 14, 2012, Petitioner was arrested.  While the police were

interviewing him, Cannady was brought into the same room.  Cannady told Petitioner that he should tell the truth.  After Cannady left the interview room, Petitioner was advised of his constitutional rights.  Petitioner waived his rights and agreed to make a statement.  Petitioner then confessed to the robbing Fulgian with the three other men.

Petitioner testified on his own behalf.  Petitioner said that he went to Fulgian's house to look at a car.  Petitioner testified that he went into the backyard of the house and saw Robinson and Darius Rush.  Petitioner looked at the car and decided not to buy it.  Petitioner later went with Darius Rush to pawn some jewelry.  Petitioner denied that he took part in the robbery.

Petitioner testified that when he was picked up by the police for questioning, he told the officers that he needed to take some prescribed medication.  The officers did not allow him to take the medication, which Petitioner claimed prevented him from becoming depressed and fidgety.  Petitioner testified that he was repeatedly questioned by the police about the robbery but denied any involvement.  Petitioner also testified that he did not know Cannady and did not know why he was brought into the interview room to talk to him.

Petitioner was given a statement to sign where he denied his involvement in the robbery.  Finally, hours later, Petitioner agreed to a prepared statement just so he could receive his medication.  After agreeing to the statement, Petitioner was taken to the hospital to receive his medication.

Following his conviction and sentencing, Petitioner filed a claim of appeal in the Michigan Court of Appeals.  His appellate brief raised the two claims he now presents in his habeas petition.  The Michigan Court of Appeals affirmed his convictions in an

unpublished opinion.  People v. Rush, No. 312055, 2014 WL 1515270 (Mich. Ct. App. Apr. 17, 2014).

Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court which raised the same two claims, as well as two additional claims not presented here.  The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed. People v. Rush, 497 Mich. 888 (2014) (table).

On April 24, 2015, Petitioner returned to the trial court and filed a motion for relief from judgment, raising additional claims not presented here.  The trial court denied the motion for relief from judgment.  Petitioner attempted to file an application for leave to appeal in the Michigan Court of Appeals; however, the Michigan Court of Appeals issued a letter indicating the filing was defective.  Petitioner never corrected the defects, and the appeal was dismissed.

### III.  Standard of Review

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is bared under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'"

4

Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam), quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) quoting Williams, 529 U.S. at 413.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S.86, 101 (2011), quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 562 U.S. at 103 (internal quotation omitted).

## IV.  Analysis

### A.  Petitioner's Statement to Police

Petitioner first claims that his statement to police should have been suppressed because it was involuntarily given in violation of the Fifth Amendment.  Petitioner asserts that police officers coerced him into giving a statement by refusing to give him

prescription medication for anxiety and depression until after he confessed to the

crimes.  He also asserts that co-defendant Cannady's statement to tell the truth acted to

coerce him into making a statement.

### 1.  State Court Decisions

The trial court conducted an evidentiary hearing pursuant to People v. Walker,

374 Mich. 331(1965), to determine the voluntariness of Petitioner's statement to police.

Contrary to Petitioner's claims, the officer who interrogated Petitioner testified at the

hearing that he did not observe Petitioner act out of the ordinary.  Petitioner had only

been in custody for about one hour prior to indicating that he wished to waive his rights

and make a statement.  The officer further testified that Petitioner was not fidgety, did

not seem nervous, and did not appear to be having any type of anxiety attack.

Petitioner never indicated to the officer that he was using prescription medication, nor

did he request any medication.  The officer denied that he ever promised Petitioner

medication in exchange for an incriminating statement.

The trial court essentially rejected Petitioner's testimony and accepted the

officer's testimony.  The trial court also found that Petitioner was not affected by

Cannady's presence in the interview room because he denied that he even knew him.

Finally, the trial court concluded that Petitioner was not promised medication in

exchange for a statement.  The Michigan Court of Appeals likewise denied relief,

ultimately deferring to the trial court's credibility determination based on the record at

the hearing.  Rush, No. 312055, *2-3.

### 2.  Clearly Established Federal Law

The Fifth Amendment privilege against compulsory self-incrimination bars the

admission of involuntary confessions. <u>Colorado v. Connelly</u>, 479 U.S. 157, 163-64 (1986). A confession is considered involuntary if: (1) the police extorted the confession by means of coercive activity; (2) the coercion in question was sufficient to overbear the will of the accused; and (3) the will of the accused was in fact overborne "because of the coercive police activity in question." <u>McCall v. Dutton</u>, 863 F.2d 454, 459 (6th Cir.1988).

The decision of the state court to credit the police officer's testimony and not Petitioner's testimony is "presumed to be correct." 28 U.S.C. § 2254(e)(1); see also <u>Ramonez v. Berghuis</u>, 490 F.3d 482, 490-91 (6th Cir. 2007) (noting that § 2254(e)(1) standard of review applies to a state court's credibility determinations in the context of a hearing on a motion to suppress a confession). Petitioner, therefore, bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### 3.  Application

Petitioner has not satisfied his burden.  Other than Petitioner's testimony that officers refused to give him his medication until he made a statement, there is no evidence of coercive activity.  The trial court made a credibility finding which the Michigan Court pf Appeals reasonably accepted.  Petitioner's rejected testimony falls far short of the clear and convincing evidence required to challenge the state court's credibility determination.  In short, the Michigan Court of Appeals' decision that Petitioner's statements were made voluntarily, knowingly, and intelligently was not contrary to or an unreasonable application of federal law.

### B.  Sufficiency of the Evidence

Petitioner next claims that insufficient evidence was presented at trial to sustain

his conviction for first-degree home invasion. Specifically, he says that the prosecutor

failed to show that Petitioner broke into the victim's home because the evidence showed

that the victim had opened the front door and security gate on his own before the

perpetrators entered.

### 1.  State Court Decision

The Michigan Court of Appeals rejected this claim, explaining:

> Accordingly, contrary to Darnell's position, the prosecution was not required to prove that he "broke into" the victim's house. The victim did not give any of the men permission to enter his house, and the defense provided no evidence to the contrary. Thus, the prosecution presented sufficient evidence to support the first element of first-degree home invasion conviction. Because the first element is Darnell's only challenge to the conviction, there was sufficient evidence to convict Darnell of first-degree home invasion.

People v. Rush, No. 312055, 2014 WL 1515270, at *4 (Mich. Ct. App. Apr. 17, 2014),

appeal denied, 497 Mich. 888, 854 N.W.2d 734 (2014)

### 2.  Clearly Established Federal Law

"[T]he Due Process Clause protects the accused against conviction except upon

proof beyond a reasonable doubt of every fact necessary to constitute the crime with

which he is charged." In re Winship, 397 U.S. 358, 364 (1970). On direct review, review

of a sufficiency of the evidence challenge must focus on whether "after viewing the

evidence in the light most favorable to the prosecution, any rational trier of fact could

have found the essential elements of the crime beyond a reasonable doubt." Jackson v.

Virginia, 443 U.S. 307, 319 (1979).

Petitioner faces a steep climb to establish that the state court's discussion of the

evidence unreasonably applied the Jackson standard. "Two layers of deference apply to

habeas claims challenging evidentiary sufficiency." McGuire v. Ohio, 619 F.3d 623, 631

2:15-cv-12921-AC-DRG   Doc # 11   Filed 07/28/16   Pg 9 of 10   Pg ID 1322

(6th Cir. 2010) (citing <u>Brown v. Konteh</u>, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Brown</u>, 567 F.3d at 205 (citing <u>Jackson</u>, 443 U.S. at 319). Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." <u>Id</u>. The <u>Jackson</u> standard is "exceedingly general," and therefore state courts are afforded "considerable leeway" in its application. <u>Davis v. Lafler</u>, 658 F.3d 525, 535 (6th Cir. 2011).

### 3.  Application

Petitioner's argument hinges on a misinterpretation of state law.  To establish first-degree home invasion the prosecutor was required to prove beyond a reasonable doubt three elements: 1) the defendant broke into a dwelling or entered a dwelling without permission, 2) the defendant intended to commit a felony when he entered the dwelling, and 3) the defendant was armed or another person was lawfully inside the dwelling. See <u>People v. Wilder</u>, 485 Mich. 35, 43 (2010).  To satisfy the first element it is not necessary to prove that the defendant physically broke into the dwelling.  Rather, it is sufficient to show that he entered the dwelling without permission. <u>Id</u>.

Here, viewed most favorably to the prosecution, the evidence overwhelmingly indicated that Petitioner and his co-defendants entered the victim's dwelling without permission.  The victim testified that he only opened the security gate to obtain the defendants' contact information, believing that they wished to purchase his car.  The

9

victim testified at that point the men forced their way into the house, pushing him to the floor. Given the doubly-deferential standard governing sufficiency of the evidence claims on habeas review, Petitioner has failed to demonstrate entitlement to relief with respect to this claim.

## V.  Certificate of Appealability

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition.  Castro v. United States, 310 F.3d 900, 901 (6th Cir. 2002).  Here, jurists of reason would not debate the Court's conclusion that Petitioner has not meet the standard for a certificate of appealability.

## VI.  Conclusion

Accordingly, for the reasons state above, the petition is DENIED.  A certificate of appealability is also DENIED.

SO ORDERED.

S/Avern Cohn                        
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: July 28, 2016
        Detroit, Michigan